UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Antonius Heijnen, ) | |
| ) | Cr. No.: 8:03-cr-00045-GRA-6 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court pursuant to Petitioner's Petition for Writ of Error Coram Nobis. For the reasons stated herein, the Petition is DISMISSED.

## **Background**

A jury found the petitioner guilty of Counts One, Fourteen, Sixteen, Seventeen, Eighteen, and Nineteen of the Indictment in the underlying criminal case on December 9, 2003. On February 23, 2004, the undersigned sentenced Petitioner to a term of 188 months and three years supervised release. The United States Court of Appeals for the Fourth Circuit affirmed the conviction on September 19, 2005, but remanded the case for resentencing. This Court amended the judgement to 151 imprisonment and three years supervised release. The Fourth Circuit affirmed Petitioner's sentence on April 11, 2007.

Petitioner originally filed the instant petition on April 3, 2009, asking this Court to vacate his sentence on various grounds. He alleged that 28 U.S.C. § 2255

is not the proper mechanism for the relief sought because it was never properly enacted by Congress. On April 16, 2009, this Court construed Petitioner's claim under § 2255 and dismissed his petition as untimely.

However, on March 10, 2010, the Fourth Circuit vacated and remanded this Court's April 16, 2009 order. The Fourth Circuit held that although Petitioner's claim that Congress never properly enacted § 2255 was without merit, this Court should have given Petitioner notice that his claim was being construed as a § 2255 petition. On March 11, 2010, this Court sent an order to Petitioner giving him twenty days to object to his filing being construed as a § 2255 petition. The Court specifically warned Petitioner that ruling upon the motion as styled could result in dismissal.

On March 29, 2010, Petitioner filed a document titled "Memorandum of Law in Support of Objections to Recharacterization of Petition." In his objections, Petitioner again argues that § 2255 in invalid and that this Court is not an Article III federal court. Given the title of Petitioner's filing, his arguments against § 2255, and the fact that this document was filed as an objection to this Court construing Petitioner's filing as a § 2255 motion, this Court will rule on the motion as a Petition for Writ of Error Coram Nobis. *See United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).

## **Standard of Review**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Viewed as "essentially a remedy of last resort," *Fleming v. United States*, 146 F.3d 88, 89 (2d Cir.1998), a writ of error coram nobis is available only to those cases in which "errors . . . of the most fundamental character . . . rendered the proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). Coram nobis relief is extremely rare and only granted "under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."). Essentially, the writ is issued "to correct errors of fact unknown to the court at the time of the judgement, without fault of the defendant, which, if known would probably have prevented the judgment." *Morgan*, 346 U.S. at 516.

A Georgia district court has explained that coram nobis relief is "only appropriate when claims could not have been raised by direct appeal, or the grounds

to attack the conviction become known after a completed sentence when § 2255 relief is unavailable." *Sun v. United States*, 342 F.Supp.2d 1120, 1126 (N.D. Ga. 2004).

## Discussion

Petitioner's Petition for Writ of Error Coram Nobis is utterly without merit. First, Petitioner remains in federal custody, has had an opportunity to appeal his conviction, and could attempt to file a § 2255 petition. Accordingly, coram nobis relief is not appropriate. "Coram nobis . . . is not a substitute for direct appeal, and the writ will not lie where there is another adequate remedy available." *In re Egan*, 339 Fed. App'x 314 (4th Cir. 2009); *see also United States v. Darnell*, 716 F.2d 479, 481 & n. 5 (7th Cir.1983). Second, Petitioner's forty-three-page filing does nothing to show any type of fundamental error resulting in conviction. He merely makes an unsupported, bald claim of innocence and attempts to argue that much of the U.S. judicial system is invalid. Accordingly, Petitioner fails to establish any valid ground for the extremely rare relief he requests. *See Morgan*, 346 U.S. at 509-11.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Error Coram Nobis is DISMISSED.

**IT IS SO ORDERED.**

[Signature block on next page.]

_____
G. Ross Anderson, Jr.
Senior United States District Judge

March 30, 2010
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.