UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Antonius Heijnen, ) | |
| ) | C/A No.: 8:11-cv-70051-GRA |
| Petitioner, ) | (Cr. No.: 8:03-cr-00045-GRA-6) |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Respondent's Motion for Summary Judgment. For the following reasons, the Court grants Respondent's Motion and dismisses Petitioner's Motion for relief under 28 U.S.C. § 2255 ("§ 2255 Motion").

**Background**

Petitioner participated in a fraudulent "High Yield Investment Program" scheme designed to gain access to investors' bank accounts. The scheme involved the sale of fraudulent investments to investors, who were promised extraordinarily high returns on their money when the investment was sold to yet another party at a profit. In furtherance of his scheme, Petitioner made interstate telephone calls and sent facsimiles across state lines discussing the program. Petitioner's activities were monitored by undercover government agents.

For his involvement in the scheme, Petitioner was indicted on one count of conspiracy, in violation of 18 U.S.C. § 371, and five counts of wire fraud, in

violation of 18 U.S.C. § 1343. Petitioner's indictment did not characterize the scheme as an "honest services" type of wire fraud under 18 U.S.C. § 1346.

A jury found Petitioner guilty on all counts, and this Court sentenced Petitioner to 188 months imprisonment. Petitioner appealed his convictions and sentence.[1]

On appeal, Petitioner argued, among other things, that this Court lacked jurisdiction, that venue was improper, that his arrest was the result of entrapment, that this Court improperly excluded evidence, that this Court was biased against him, and that his base offense level under the Sentencing Guidelines was erroneously enhanced. Rejecting all but the last of Petitioner's arguments, the Fourth Circuit affirmed Petitioner's convictions but remanded for resentencing. *United States v. Heijnen*, 149 F. App'x 165, 171 (4th Cir. 2005) (per curiam) (*"Heijnen I"*).

On remand, this Court sentenced Petitioner to 151 months imprisonment. Petitioner again appealed, arguing the same issues he presented to the Fourth Circuit in *Heijnen I*. Noting it had already specifically rejected Petitioner's arguments, the Fourth Circuit affirmed Petitioner's sentence and convictions. *United States v. Heijnen*, 223 F. App'x 297, 298 (4th Cir. 2007) (per curiam) ("*Heijnen II*"). The

---

[1] Petitioner also filed a motion under 28 U.S.C. § 2255. Because an appeal of those convictions was pending, this Court dismissed that motion without prejudice. (Order 2, ECF No. 2, C/A No. 8:04-cv-00700-GRA (D.S.C.).)

Supreme Court denied certiorari, 552 U.S. 1051 (2007), and, on March 24, 2008, denied rehearing of its decision, 552 U.S. 1292 (2008).

Petitioner then filed a petition for a writ of error coram nobis. In addition to re-asserting the claims he raised in both appeals, Petitioner claimed he sought a writ of error coram nobis because § 2255 was invalid. This Court construed the petition as one brought under § 2255 and dismissed it as untimely. Petitioner appealed the dismissal. Although the Fourth Circuit once again found Petitioner's claims baseless, it vacated the dismissal because this Court had not given Petitioner notice of its intent to construe the coram nobis petition as a § 2255 motion and an opportunity to object to such construction. *United States v. Heijnen*, 369 F. App'x 512, 513 (4th Cir. 2010) (per curiam) ("*Heijnen III*").

On remand, this Court afforded Petitioner the required notice and opportunity to object. Maintaining that § 2255 was invalid, Petitioner objected to the proposed construction and insisted that this Court rule on his coram nobis petition as styled. This Court did so, and, finding Petitioner's arguments to be utterly without merit, dismissed the petition. *Heijnen v. United States*, No. 8:03-cr-00045-GRA-6, 2010 WL 1344981, at *2 (D.S.C. Mar. 30, 2010). Petitioner appealed, but he later voluntarily dismissed his appeal.

Petitioner filed his current § 2255 Motion on March 10, 2011. After reviewing the § 2255 Motion, this Court directed Respondent to file a response. Respondent did so and also moved for summary judgment. After this Court issued

a *Roseboro* order apprising Petitioner of summary judgment procedure, Petitioner filed a Response to Respondent's summary judgment motion and a Reply to Respondent's Response.

## Standard of Review

Summary judgment is appropriate where the admissible evidence shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (citing Fed. R. Civ. P. 56(c) (2004)). A court must view the facts in the light most favorable to the party opposing summary judgment, and it may not make credibility determinations or weigh the evidence. *Id.* (citing *Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002)). However, an issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Indeed, to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial." *Hill v. O'Brien*, No. 09-6823, 2010 WL 2748807, at *2 (4th Cir. July 12, 2010) (citing Fed. R. Civ. P. 56(e)(2); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002)).

Petitioner brings his § 2255 Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of

a potentially meritorious claim. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## **Discussion**

Petitioner raises several grounds for relief under § 2255. Though Petitioner expresses these claims in varying fashions throughout his lengthy filings, his arguments boil down to the following claims: actual innocence, based on a lack of evidence on risk of loss and specific intent; improper exclusion of defense evidence, in violation of the Fifth Amendment; improper jury findings and judicial bias, in violation of the Sixth Amendment; deficient jury instructions; constructive amendment of the indictment; and actual innocence of wire fraud, under a recent Supreme Court decision, *Skilling v. United States*, \*\*\* U.S. \*\*\*\*, 130 S. Ct. 2896 (2010). All but the last of Petitioner's claims are procedurally barred, and the one remaining claim is without merit.

**I.     Procedural Impediments**

All of Petitioner's claims not based on *Skilling* are barred because they have already been litigated, are time-barred, or both.

    **A.     Relitigation**

A prisoner may not "recast, under the guise of a collateral attack, questions fully considered" by an appellate court on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Furthermore, under the mandate

rule, an appellate court's express or implicit decision on an issue forecloses relitigation of that issue in a lower court. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (citing *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)); *see also Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) (stating that the mandate of a higher court is "controlling as to matters within its compass").

Many of Petitioner's claims have already been raised to and rejected by the Fourth Circuit in *Heijnen I*. Specifically, the Fourth Circuit rejected Petitioner's claims that there was not an actual loss or any risk of loss and that he lacked the requisite intent to cause a financial harm, *Heijnen I*, 149 F. App'x at 170; that this Court erred in excluding his proposed evidence, *id.* at 168–69; and that this Court was improperly biased against him, *id.* at 171. Thus, those claims are barred under *Boekenhaupt* and *Bell*.

**B.    Statute of Limitations**

Additionally, all of Petitioner's claims, save the *Skilling* argument, are time-barred. 28 U.S.C. § 2255(f) sets the following time limits for filing § 2255 motions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

>     movant was prevented from making a motion by such governmental action;
>
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Petitioner had to present his claims within one year of the date on which his convictions became final. Petitioner's judgment of conviction became final on March 24, 2008, when the Supreme Court denied rehearing of its denial of certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (the limitations period begins with the "affirmance of the conviction and sentence on direct review"). Petitioner did not file his § 2255 Motion until nearly three years later. Thus, Petitioner's claims are untimely.[2]

### C.     Timeliness of *Skilling* Argument

The procedural bars of relitigation and the statute of limitations leave Petitioner with one argument: under *Skilling*, Petitioner's wire fraud convictions are void and should be vacated. Respondent believes that *Skilling* applies retroactively

---

[2]    Nothing in the record indicates that Petitioner's claims (other than his *Skilling* argument) would be timely under § 2255(f)(2), (3), or (4), or that they would be subject to equitable tolling under any provision of § 2255(f). *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000).

to cases on collateral review and thus that Petitioner's § 2255 Motion is timely with regard to the *Skilling* claim.[3]  *See* 28 U.S.C. § 2255(f)(3); *Bousley v. United States*, 523 U.S. 614, 621 (1998).  Accordingly, the Court will consider the merits of that argument.

## II.     Merits of Petitioner's *Skilling* Argument

Petitioner challenges his convictions under the residual, "otherwise subject to collateral attack" clause of § 2255(a).  Relief under that clause is available only for a claim of "error of fact or law of the 'fundamental' character that renders the entire proceeding irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979).

Federal law criminalizes use of wires in interstate communication in furtherance of a scheme or artifice to defraud.  Wire fraud can consist of a scheme to deprive someone of money or property, 18 U.S.C. § 1343, or a scheme to deprive someone of the intangible right of honest services, *see* 18 U.S.C. § 1346.

In *Skilling*, the Supreme Court held a person may be convicted of honest-services fraud under § 1346 only if the scheme involved bribes or kickbacks.  130 S. Ct. at 2907.  However, courts have uniformly held *Skilling* applies only to § 1346 honest-services fraud cases, not to traditional "money or property" fraud cases under § 1343.  *See, e.g.*, *United States v. Katopodis*, No. 10–11324, 2011 WL

---

[3]     Because satisfaction of § 2255(f) is not a jurisdictional requirement, the Government may waive the defense.  *See Day v. McDonough*, 547 U.S. 198, 203, 205 (2006).

2150666, at *1 (11th Cir. Jun. 2, 2011) (per curiam); *United States v. Segal*, Nos. 09–3403, 09–3684, 2011 WL 1642831, at *1 (7th Cir. May 3, 2011).

Petitioner argues his wire fraud convictions are void under *Skilling* because the charges and evidence in his case in no way dealt with bribes or kickbacks. Respondent does not dispute that point of fact. Instead, Respondent challenges the legal premise underlying Petitioner's position—that *Skilling* applies to this case at all. Respondent argues *Skilling* does not apply here because Petitioner was charged with, and convicted of, a "plain old scheme to obtain money" under § 1343, not § 1346 honest-services fraud. (Resp't's Resp. 5, ECF No. 271.)

This Court agrees with Respondent. In *Skilling* itself, the Supreme Court distinguished conventional fraud from § 1346 honest-services fraud as follows:

> Unlike [conventional] fraud in which the victim's loss of money or property supplied the defendant's gain, with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead, a third party, who had not been deceived, provided the enrichment.

130 S. Ct. at 2926. Applying that dichotomy here, Petitioner's case fits squarely within the conventional, mirror-image fraud model. At trial, the Government presented evidence directed at proving that Petitioner participated in a fake investment scheme. The plan was to sell fraudulent investments to investors, who were promised amazing returns on their money when the investment was sold to yet another party at a profit; in reality, though, Petitioner intended to keep at least some of those investments for himself. The jury found Petitioner guilty of this

conduct, specifically finding that Petitioner sought to defraud investors of $100,000,000.00. (Verdict & Interrog. Form, ECF No. 153). Indeed, the evidence introduced at trial and the jury's findings reflect the indictment, which alleged that Petitioner violated § 1343 and never mentioned § 1346 or "honest services." Because Petitioner was not convicted of § 1346 honest-services fraud,[4] *Skilling* is of no aid to Petitioner.[5]

Because Petitioner cannot show that his convictions and sentences for violating § 1343 are subject to collateral attack, this Court concludes Respondent is entitled to judgment as a matter of law on Petitioner's § 2255 Motion. Therefore, it will grant Respondent's Motion for Summary Judgment and dismiss Petitioner's § 2255 Motion.

### **Warning on Consequences of Continued Frivolous Litigation**

The proceedings regarding Petitioner's § 2255 Motion constitute the latest chapter of a lengthy, contentious history of challenges Petitioner has mounted

---

[4]   Petitioner apparently agrees that his convictions were not really for honest-services fraud. Although he characterized them as such in his § 2255 Motion, he admits in his Reply that he did so only because he could not understand how his conduct fit within § 1343. (Pet'r's Reply 16, ECF No. 277.)

[5]   This Court expresses no opinion on whether *Skilling* applies retroactively. *Compare Rodriguez v. United States*, No. 01-00078-DAE, 2011 WL 529158, at *8 (D. Haw. Jan. 31, 2011) (holding *Skilling* applies retroactively) *with United States v. Crawley*, No. H-06-204, 2010 WL 4393970, at *10 n.7 (S.D. Tex. Oct. 29, 2010) (reaching opposite conclusion).

against his criminal convictions. In the eight years since Petitioner was indicted in this case, he has constantly disputed his guilt, the fairness of the proceedings, and the validity of the federal courts. Of the numerous arguments Petitioner has raised to this Court and the Fourth Circuit, the overwhelming majority have been patently frivolous.[6] Petitioner has employed the same tactics in a similar criminal case in New Mexico. *See generally docket in United States v. Heijnen*, No. CR 03-2072 JB (D.N.M.).

This Court has the authority to impose a prefiling injunction or other appropriate sanctions against a vexatious litigant. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). The sanctions which the Court may consider include, but are not limited to: (1) denial of proceeding without prepayment of the filing fee, (2) imposition of a filing injunction order placing restrictions on the types of cases Petitioner may file and the manner in which they must be submitted, (3) monetary sanctions that will have to be satisfied before any further filings may be made, (4) dismissal of any action, (5) entry of an order of contempt of court, and (6) any and all other forms of sanctions available to the Court under Federal Rule of Civil Procedure 11. *Bryan v. S.C. Dep't of Corr.*, No. 4:08-cv-1590-TLW-TER, 2009 WL 702864, at *5 (D.S.C. Mar. 16, 2009).

---

[6] For example, in the indictment, Petitioner's name appeared in all capital letters. At sentencing, Petitioner argued that a name written in all capital letters could only refer to a private corporation or vessel, and therefore he had never been indicted. (Tr. of Sentencing 3:18–4:22, Feb. 23, 2004, ECF No. 172.)

With due regard to the notice requirements of *Pardo v. Federal Correctional Institution—Petersburg*, 19 F.3d 1429, 1994 WL 94888 (4th Cir. 1994) (per curiam), the Court will not impose sanctions at this time.  However, Petitioner is hereby warned that if he submits any additional frivolous filings in this judicial district, this Court will order Petitioner to show good cause why a pre-filing injunction should not issue.

IT IS THEREFORE ORDERED that Respondent's Motion for Summary Judgment (ECF No. 272) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's § 2255 Motion (ECF No. 262) is DISMISSED.  A certificate of appealability is denied in this case.[7]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  11 , 2011
Anderson, South Carolina

---

[7] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 and 2255 Cases. The Court has reviewed its ruling and denies a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).